IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMBERT KNOL, R00332 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13 C 4938 |
| | ) | |
| NEDRA CHANDLER, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 10, 2013, *pro se* Petitioner Lambert Knol ("Mr. Knol"), an inmate at Dixon Correctional Center in Dixon, Illinois, filed a "Petition for a Writ of Habeas Corpus" in this court. (Dkt. No. 1, "Petition" or "Knol Pet."). Mr. Knol argues that he was unfit to stand trial, incompetent throughout his appeals process, and denied effective assistance of counsel. (*Id.*)

On January 13, 2014, the Attorney General of Illinois on behalf of Respondent Warden Nedra Chandler ("Respondent") moved to dismiss the Petition. (Dkt. No. 16, "Mot.") Respondent argues that Mr. Knol's Petition is untimely, his prior state proceedings had no tolling effect, and Mr. Knol is not entitled to equitable tolling.

This court grants Respondent's Motion to Dismiss (Dkt. No. 16) with prejudice due to the untimeliness of Mr. Knol's Petition. The court declines to certify Mr. Knol's Petition for appealability.

1

BACKGROUND

In June 2000, following a jury trial in the Circuit Court of Kane County, Mr. Knol was convicted of first degree murder for the 1998 beating death of his wife. (Mot., Ex. A, *People v. Knol*, No. 02-08-0491, at 1 (Ill. App. 2d Dist., Apr. 29, 2010).) In October 2000, Mr. Knol was sentenced to 25 years in prison. (*Id.*)

Mr. Knol appealed alleging that there was insufficient evidence to support first degree murder. He argued that his alcohol consumption, coupled with his anti-anxiety and anti-depression medications, prevented him from forming the requisite state of mind, and therefore his conviction should be reduced to manslaughter. (Mot., Ex. B, *People v. Knol*, No. 2-00-1258, at 11-13 (Ill. App. 2d Dist., June 14, 2002).) This argument was rejected, and Mr. Knol's conviction was affirmed. (*Id.*) In January 2004, Mr. Knol sought leave to file a late petition for leave to appeal to the Illinois Supreme Court, and that motion was denied. (Mot., Ex. C., Pet. Br., *People v. Knol*, No. 2-08-0491, at 4 n.1 (Ill. App. 2d Dist., Nov. 23, 2009).)

In October 2004, Mr. Knol filed a *pro se* post-conviction petition under 725 ILCS 5/122-1, *et seq.* (Mot., Ex. D, Post-Conv. Pet., *People v. Knol*, No. 89-CF-2618 (Cir. Ct. Kane Co., Oct. 20, 2004).) The Illinois Circuit Court of Kane County dismissed this petition as untimely in May 2008, and the Illinois Appellate Division affirmed in April 2010. (Mot. Ex. A, *People v. Knol*, No. 02-08-0491 (Ill. App. 2d Dist., Apr. 29, 2010).) The Illinois Supreme Court later denied petitioner's ensuing petition for leave to appeal on September 29, 2010. *People v. Knol*, 938 N.E.2d 526 (Table) (Ill. 2010).

Over ten years from the final disposition of the appeal of Mr. Knol's original conviction, and nearly three years from the final disposition of Mr. Knol's post-conviction petition, Mr. Knol placed his current 28 U.S.C. § 2254 habeas petition in the mail on July 3, 2013. (Mot. at 2.)

Respondent correctly notes that the statute of limitations for federal habeas corpus petitions may run one year from a judgment becoming "final by the conclusion of direct review or the expiration of the time for seeking such review." (*Id*. at 2-3 (citing 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012)).) According to Respondent, Mr. Knol does not allege any of the intervening events that would extend this one year limit, such as state-created impediments to filing, newly-recognized constitutional rights, or newly-discovered evidence. (*Id*.) Respondent therefore argues the judgment against Mr. Knol became "final" on June 14, 2002, his petition to the Illinois Supreme Court was due 21 days later in July 2002, and thus Mr. Knol's federal § 2254 habeas petition was due one year later in July 2003. (Mot. at 3.)

Respondent then argues that tolling the one year limitations period is inappropriate under 28 U.S.C. § 2244(d)(2). Respondent admits that provision requires the "time during which a properly filed application for State post-conviction . . . is pending shall not be counted toward any period of limitation". (*Id*.) However, Respondent cites United States Supreme Court precedent for the proposition that Mr. Knol's post-conviction proceedings did not toll the usual one year § 2244(d) limitations period, because these state proceedings were themselves dismissed as untimely. (Mot. at 3-4 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).)

Respondent then proceeds to argue that Mr. Knol is not entitled to equitable tolling of the limitations period. According to Respondent, equitable tolling in the case of mental illness is appropriate only if the illness actually prevents a timely filing during the relevant period. (Mot. at 5 (citing *United States ex rel. Kennedy v. Page*, No. 99-6067, 1999 WL 1044829, at *2 (N.D. Ill. 1999).) Because none of the proffered evidence speaks to Mr. Knol's mental condition the year before July 2003, Respondent argues Mr. Knol has failed to carry this burden. (Mot. at 6-

3

8.) Additionally, Respondent contends Mr. Knol is not entitled to equitable tolling, because he has offered no new, powerful evidence to establish actual innocence. (Mot. at 9 (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013) (actual innocence can serve as gateway to untimely habeas claims).)

In Mr. Knol's "Response and Motion to Deny Respondents Motion to Dismiss" (Dkt. No. 20, at 1, "Response" or "Knol Resp."), Mr. Knol points to several pieces of evidence allegedly speaking to his mental condition: (1) various allegations in the Petition tending to show Mr. Knol's disorientation at the time of his arrest, trial, and currently, (Knol Pet. at 5, ¶¶ 1-3); (2) the allegation in the Petition that a doctor at Mr. Knol's trial testified he had substance persistent amnesia, when Mr. Knol allegedly suffered from Alzheimer's Disease and dementia, (*id*. at 5, ¶¶ 4-5); (3) an affidavit from an inmate Daniel Franklin ("Franklin") discussing Mr. Knol's current mental state and relaying hearsay from former (unnamed) cellmates of Mr. Knol about his mental health, (*id*. at 30); and (4) notes (not provided to the court) that Mr. Knoll allegedly wrote during his trial describing witnesses appearing and disappearing, (*id*.).

## LEGAL STANDARD

As noted above, Respondent argues that Mr. Knol's 28 U.S.C. § 2254 habeas petition was untimely filed pursuant to the applicable deadlines set forth in 28 U.S.C. § 2244(d). Section § 2244(d) sets forth the relevant statutory language:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

4

     filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

  Section 2244(d) was enacted to reduce delays in the execution of state and federal criminal sentences. *Woodford v. Garceau,* 538 U.S. 202, 206 (2003). "Congress wished to curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law." *Williams v. Taylor,* 529 U.S. 362, 386 (2000) (Stevens, J.). The one year limitation period is intended "to further the principles of comity, finality, and federalism". *Id*. at 404.

  Even if a habeas filing is made passed § 2244(d)'s one year deadline, a court can excuse such delay under the doctrine of equitable tolling. To receive equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 655 (2010) (quoting *Pace*, 544 U.S. at 418). "[T]he petitioner bears the burden of proving equitable tolling", and "placing the burden on the party requesting equitable tolling is functionally equivalent to first finding that the federal petition is untimely and then requiring the

5

petitioner to prove that 'equity' should except or excuse such untimeliness." *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012).

## ANALYSIS

1. *Plaintiff's Concessions and §2244's One Year Limitation*

Plaintiff concedes that four of the five times the § 2244 one year limitation period may run from are inapplicable. As discussed above, Respondent asserts the following two arguments. First, Mr. Knol fails to allege that three § 2244 events even occurred: a state-created impediment to filing (§ 2244 (d)(1)(B)); a newly-recognized Constitutional right (§ 2244(d)(1)(C)); or newly-discovered evidence (§ 2244(d)(1)(D)). (Mot. at 3.) Second, under United States Supreme Court precedent, Mr. Knol's state post-conviction proceedings from 2004 to 2010, which were themselves untimely filed, cannot be utilized to calculate the one year period from under § 2244(d)(2). (Mot. at 3-4 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).) Because Mr. Knol fails to respond to these arguments, the Court considers them conceded. *See MCI Worldcom Net. Servs.*, *Inc*., No. 02-4394, 2006 WL 3542332, at *6 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession.").

In light of these concessions, absent equitable tolling, § 2244(d) required Mr. Knoll to file his Petition by July 2003. A part from the above events, the only other date the "1-year period of limitation" period may run from was "the date on which [Mr. Knol's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". *See* § 2244(d)(1)(A). As Respondent correctly notes, the judgment against Mr. Knol became "final" on June 14, 2002 when the Illinois Court of Appeals denied his appeal. (Mot., Ex. B, *People v. Knol*, No. 2-00-1258, at 11-13 (Ill. App. 2d Dist., June 14, 2002).) Mr. Knol's

6

petition for leave to appeal to the Illinois Supreme Court was consequently due within 35 days in July 2002. *See* Ill. Civ. App. R. 315. One year from July 2002 was July 2003—a date long passed by the time Mr. Knol filed his petition in July 2013. (Mot. at 2.)[1]

   2. *Equitable Tolling, Extraordinary Circumstances, and Mr. Knol's Alleged Mental Illness*

Because July 2003 is long before the date Mr. Knol filed his Petition, the gravamen of the parties' motion practice revolves around whether Mr. Knol has met the standard for equitable tolling—*i.e.*, (1) has Mr. Knol diligently pursued his rights and (2) have extraordinary circumstances prevented Mr. Knol from making a timely habeas filing. *Holland v. Florida*, 560 U.S. 631, 655 (2010) (quoting *Pace*, 544 U.S. at 418). . Specifically, Mr. Knol argues the fact he suffers from various alleged mental ailments satisfies the "extraordinary circumstances" requirement. (Knol Resp. at 1-2.)

There are multiple opinions from district courts in this circuit that directly discuss this issue. In *United States ex rel. Sowewimo v. Hensley*, No. 04-6415, 2005 WL 1498846 (N.D. Ill. June 8, 2005) (Pallmeyer, J.), a petitioner filing an untimely federal habeas petition argued equitable tolling applied due to his history of mental illness. *Id.* at *2. The court held that mental illness will toll the statute of limitations "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Id.* (emphasis in original). Overcoming the limitations barrier, consequently, required petitioner to "show at least that he was incapable of preparing and filing a habeas petition while the limitations period was in effect." *Id.* Judge Pallmeyer repeated these doctrines in *United States*

---

[1] Respondent claims that Ill. Civ. App. R. 315 required Mr. Knol to file his leave to appeal to the Illinois Supreme Court within 21 days. (Mot. at 3.) It appears from the text of this rule the actual deadline was 35 days. For purposes of Knol's Petition, this discrepancy is irrelevant. Out of an abundance of caution the court will use July 2002 and July 2003 for the relevant above dates.

*ex rel. Flowers v. Gaetz*, No. 09-1303, 2010 WL 529443, at *8-9 (N.D. Ill. Feb. 10, 2010) (same).

Other district judges in this circuit have also favorably cited these requirements for habeas petitioners seeking equitable tolling due to alleged mental illness. *See, e.g., Jackson v. Hardy*, No. 12-1454, 2013 WL 1385667, at *3-4 (N.D. Ill. Apr. 2, 2013) (Der-Yeghiayan, J.); *United States ex rel. Fiedler v. Sigler*, No. 07-1944, 2007 WL 2874053, at *2 (N.D. Ill. Sept. 25, 2007) (Gettleman, J.); *United States ex rel. Bishop v. Cowan*, No. 98-8023, 2000 WL 1898467, at *2 (N.D. Ill. Dec. 22, 2000) (Marovich, J.).

In light of these well-reasoned opinions, the court finds that Mr. Knol is required, at a minimum, to show that mental illness in fact prevented him from filing his habeas petition during the relevant limitations period between July 2002 and July 2003. Because the evidence Mr. Knol sets forth fails to reach, let alone prove, incapacity during this time period, he is not entitled to equitable tolling.

In his Response, Mr. Knol directs this court to page 5 of his Petition, which he alleges presents "evidence of petitioner's severely impaired cognitive function and diagnosis of mental disorder going back to [Mr. Knol's] time of trial in 2000." (Knol Resp. at 1.) There, Mr. Knol first sets forth allegations surrounding the date of the murder—*i.e.*, police officers discovered him wearing a bathrobe over a winter coat and not wearing pants in a townhouse with moderate temperatures. (Pet. at 5.) Even assuming that these facts are true, they fail to establish actual incapacity during the relevant period of July 2002 to July 2003. Just because Mr. Knol may have suffered some mental distress at the time of the murder, does not mean that he was forever incapacitated. *See Jackson*, 2013 WL 1385667, at *4 ("[m]ost mental illnesses today are treatable by drugs that restore the patient to at least a reasonable approximation of normal

mentation and behavior," and that "[w]hen [a person's] illness is controlled [that person] can work and attend to his affairs, including the pursuit of any legal remedies that he may have").

Next, Mr. Knol generally discusses his disorientation at the time of trial and presently. (Pet. at 5.) Mr. Knol first states at the time of his trial he was "not oriented to time or date" and "did not have an accurate memory to the circumstances surrounding the death of his wife." Further down, Mr. Knol sets out various similar allegations about his current mental state—*i.e.*, he suffers from "severe memory impairment", is "not orientated to time, date, month or year", *etc*. Again, even assuming these facts are true, they fail to establish actual incapacity from July 2002 to July 2003, because of the potential for mental illnesses being treatable. *See Jackson*, 2013 WL 1385667, at *4.

The most serious contention Mr. Knol directs the court to is the following. At trial, Dr. Levy, who testified on Mr. Knol's behalf, diagnosed him with amnesia, but Mr. Knol actually suffers from Alzheimer's disease and dementia. (Knol Resp. at 1-2; Knol Pet. at 5.) Reading the *pro se* Petitioner's Response liberally, Mr. Knol proceeds to argue that these "incurable, progressive and serious mental illness[es]" persisted into the relevant July 2002 to 2003 period. In isolation, this argument could potentially have merit, but the court rejects it given the case's unique procedural back. As discussed above, starting in early 2004 and ending in 2010, Mr. Knol competently made various filings in state proceedings—*e.g.*, to contest Mr. Knol's original conviction a leave to file a late petition for leave to appeal to the Illinois Supreme Court, a *pro se* post-conviction petition, an appeal for the denial of this post-conviction petition, and a leave to appeal to the Illinois Supreme Court these post-conviction dispositions. Thus, for Mr. Knol's argument to have merit, *progressive* Alzheimer's and dementia must have caused his incapacity from July 2002 to July 2003, and then miraculously abated enough to allow him to pursue these

9

state court actions.  This court is not required to find in favor of this account of Mr. Knol's mental health.  *See Gaetz*, 2010 WL 529443, at *8-9 ("[I]t strains credulity to suggest that, while Petitioner was capable of filing state *pro se* petitions in 2003 and 2007, he was somehow incapable of filing a timely federal habeas petition in the interim.").

Finally, Mr. Knol cites to an affidavit submitted by Franklin to establish his incapacity during the relevant period.  (Knol Resp. at 1.)  In this affidavit, Franklin states the Mr. Knoll's condition has deteriorated, cites the statements of other (unnamed) cell-mates as support for this allegation, and claims that there are notes Mr. Knoll prepared during trial describing witnesses appearing and disappearing haphazardly.  (Knol Pet. at 30-31.)  This court does not find probative Mr. Franklin's hearsay account of what other unnamed inmates have said about Mr. Knoll's condition.  Thus, at best, the Franklin affidavit only reaches Mr. Knoll's current mental state, through Franklin's personal account, and Mr. Knoll's mental state at trial, through the alleged notes.  Because neither or these pieces of evidence establish Mr. Knoll's incapacity from July 2002 to July 2003, the court finds that the Franklin affidavit does not support a holding for equitable tolling.  *See Jackson*, 2013 WL 1385667, at *4.

3.  *Equitable Tolling and Mr. Knol's Diligence*

The parties spend the bulk of their briefing discussing whether Mr. Knoll has satisfied the second prong of test for equitable tolling, namely whether extraordinary circumstances stood in the way of Mr. Knoll filing a timely petition.  As discussed above, this court finds that Mr. Knoll has failed to meet this burden.  However, the test for equitable tolling the United States Supreme Court has set forth is two pronged, and petitioner must satisfy both.  Mr. Knoll was also required to show that "he has been pursuing his rights diligently".  *Holland v. Florida*, 560 U.S. 631, 655 (2010) (quoting *Pace*, 544 U.S. at 418).

Even if Mr. Knoll demonstrated his incapacity from July 2002 to 2003, which he has not, the court would still deny Mr. Knoll equitable tolling, based on the independent ground that Mr. Knoll has not diligently pursued his habeas rights. Whether Mr. Knoll had capacity to pursue habeas relief during the relevant time period, as discussed above, he certainly had the capacity to pursue his state law claims from 2004 to 2010. *See, supra* pg. 2. Those proceedings ended in 2010, and Mr. Knoll subsequently waited three years to pursue his habeas petition. Additionally, Mr. Knol waited over ten years from the final disposition of his original conviction to bring his habeas petition. (Mot., Ex. B, *People v. Knol*, No. 2-00-1258, at 11-13 (Ill. App. 2d Dist., June 14, 2002).) Whether the court measures Mr. Knol's delay at three or ten years, either delay is antithetical to the diligence requirement.[2]

4. *Actual Innocence*

Respondent argues that Mr. Knol has not alleged — much less demonstrated — that he is actually innocent of the beating death of his wife. (Mot. at 9 (citing *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 1931-32 (2013) (actual innocence can serve as gateway to reaching untimely habeas claims).) Nowhere in Mr. Knol's Response does he explicitly contest this claim, so again the Court could consider the point conceded. *See MCI Worldcom*, 2006 WL 3542332, at *6.

---

[2] It could be argued that the years Mr. Knol spent litigating his state law post-conviction petition, prior to filing for habeas review, should not be counted against him for purposes of diligence analysis. However, as discussed above, these proceedings were ultimately held to be untimely in state court. *See, supra* pg. 2. Just as Mr. Knol should not benefit from these untimely proceedings for the purpose of § 2242 tolling, it would make little sense to allow Mr. Knol to benefit from them for the diligence requirement.

This finding could lead to the criticism that Mr. Knol was between a rock and a hard place. If he pursued the potentially untimely state law claim, this claim could be dismissed while his habeas claim tolled. However, if he failed to pursue this state avenue, his habeas claim may have been dismissed for failure to exhaust internal state remedies. In these circumstances, the prudent course for Mr. Knol to follow would have been to file both his state post-conviction proceeding and federal habeas petition, and seek a stay of the habeas petition pending the outcome of the state action

In any event, "tenable actual-innocence gateway pleas are rare," for the threshold showing is "'demanding and seldom met." *McQuiggin*, 133 S.Ct. 1924, 1928 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)); *see Schlup v. Delo*, 513 U.S. 298, 321 (1995) (actual innocence exception limited to "extremely rare" and "extraordinary case[s]"). Here, the court finds petitioner has failed to offer such powerful evidence of actual innocence.

5. *Certificate of Appealability*

28 U.S.C. § 2254 Rule 11(a) requires that a district court issue or deny a certificate of appealability when it enters a final order adverse to petitioner. To obtain a certificate, a petitioner must make "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Where a district court denies a habeas petition on procedural grounds, without reaching the merits, the petitioner must show that a reasonable jurist would find it debatable whether petitioner alleged a meritorious claim, and also that reasonable jurists would find the ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is not debatable that the petition is untimely under § 2244(d)(1)—in fact Mr. Knol concedes this point. *See, supra* pg. 6-7. It is also not debatable that Mr. Knol failed to satisfy both prongs of the test for equitable tolling or to provide powerful new evidence of his actual innocence. *See, supra* pg. 7-12. This court, therefore, refuses to certify Mr. Knol's claims for appeal.

## CONCLUSION

The court grants Respondent's Motion to Dismiss Mr. Knol's petition for habeas corpus (Dkt. No. 16) in full, because Mr. Knol failed to file a timely petition in compliance with 28 U.S.C. § 2244(d). Mr. Knol has failed to persuade the court that he deserves equitable tolling. Since none of these findings are debatable, the court refuses to certify Mr. Knol's Petition for

appeal. Mr. Knol's Motion for Appointment of Counsel (Dkt. No. 18) is moot. Civil case terminated.

ENTER:

*/s/ James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 25, 2014